FILED ——— ENTERED
——— LODGED ——— RECEIVED

MAR 18 2013

AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| KEVIN RICHARDSON | * |
| 631 RAILROAD AVENUE, #321 | |
| CENTREVILLE, MARYLAND 21617 | * |
| **Plaintiff(s)** | |
| vs. | * Civil No.: WDQ13CV0822 |
| ROSENBERG & ASSOCIATES LLC | |
| 7910 WOODMONT AVENUE, SUITE 750 | * |
| BETHESDA, MARYLAND 20814 | |
| NATIONSTAR MORTGAGE LLC | * |
| 350 HIGHLAND DRIVE | |
| LEWISVILLE, TEXAS 75067 | * |
| **Defendant(s)** | |

## COMPLAINT

Plaintiff, Kevin Richardson, hereby sues Defendants Rosenberg & Associates LLC. and

Nationstar Mortgage LLC., and alleges:

## PRELIMINARY STATEMENT

1. This is an action for damages brought for damages against Rosenberg & Associates LLC. for violations of the Fair Debt Collection Practices Act (hereafter FDCPA) 15 U.S.C. §1692 *et.Seq.*. and for damages for violations of the Maryland Consumer Debt Collection Act (hereafter MCDCA), MD. Code Ann. Comm. Law § 14-201 et. Seq.; and against Nationstar Mortgage LLC. for violations of the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692 et. Seq.; for violations of the Truth In Lending Act (hereafter TILA), 15 U.S.C. § 1601 et. Seq.; for violations of the Real Estate Settlement Procedures Act (hereafter RESPA), 12 U.S.C. § 2601 et. Seq.; for violations of the Fair Credit Reporting Act (hereafter FCRA), 15 U.S.C. § 1681 et. Seq.; for violations of the Maryland Consumer Debt Collection Act (MCDCA), MD. Code Ann. Comm. Law § 14-201 et. Seq.; and for violations of the Maryland Consumer Protection Act (hereafter MCPA), MD. Code Ann. Comm. Law § 13-101 et. Seq.

2. Plaintiff admits to some technical missteps attributable to the learning curve. However, none of which is fatal to his claim as will be demonstrated below. The Plaintiff is proceeding without the benefit of legal counsel. Additionally, he is not a practicing attorney nor has he been trained in the complex study of law. As such, Plaintiff's pro se papers are to be construed liberally. See *Haines v. Kerner*, 404 U.S. 519-20, (1972). "A pro se litigant should be given a reasonable opportunity to remedy defects in his [or her] pleadings if the factual allegations are

close to stating a claim for relief." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Accordingly such pleadings should be held to a less stringent standard than those drafted by licensed, practicing attorneys.

## JURISDICTION AND VENUE

3.  The jurisdiction of this Court is conferred by 15 U.S.C. §1692k and 15 U.S.C. §1640(e). The court has supplemental jurisdiction over state law claims by 28 U.S.C. § 1367.

4.  Venue is proper in this District pursuant to 28 U.S.C. §1391b.

## Parties

5.  Plaintiff, Kevin Richardson, is a natural person and is a resident of Queen Anne's County in the State of Maryland.

6.  Defendant, Rosenberg & Associates LLC. is a company doing business in Montgomery county Maryland, with an office in Bethesda.

7. Defendant, Nationstar Mortgage LLC. is registered as a Delaware Limited Liability Company, doing business in Maryland, with its main office in Lewisville Texas. They are in the business of servicing residential mortgage loans and providing financial services to consumers.

8.  All conditions precedent to the bringing of this action have been performed, waived or excused.

**Factual Allegations**

9. On May 17, 2012, plaintiff received the first letter from defendant Rosenberg &

Associates LLC (hereafter Rosenberg) in this matter, attempting to collect on an alleged

debt for their alleged client, Bank of America N.A., in the amount of $339,835.95,

stating;

This is an attempt to collect a debt and any information obtained will be used for that
purpose. If you are currently in bankruptcy or your debt has been discharged in bankruptcy,
Rosenberg & Associates, LLC is only exercising its rights against the property and is not
attempting to hold you personally liable on the Note.

10. Plaintiff states for the record that he does not have any contract or owe any debt

to Defendant Rosenberg.

11. On June 11, 2012, plaintiff sent a letter disputing the alleged debt and asked

defendant Rosenberg for validation of their claim. The letter was mailed by certified

mail, return receipt, and was received by Rosenberg on June 13, 2012, as confirmed by

the United States Postal Service, (hereafter USPS). Rosenberg did not respond to the

letter.

12. On August 2, 2012, plaintiff received a second letter from defendant

Rosenberg, attempting to collect on the same alleged debt, but this time claiming to

represent their alleged client and the second defendant in this matter, Nationstar, in the

amount of $336,995.55. This was the first time I became aware of the entity, Nationstar.

This communication was a violation of the FDCPA as Rosenberg was continuing to

attempt to collect an alleged debt without validating the debt. The letter stated;

4

This is an attempt to collect a debt and any information obtained will be used for that purpose. If you are currently in bankruptcy or your debt has been discharged in bankruptcy, Rosenberg & Associates, LLC is only exercising its rights against the property and is not attempting to hold you personally liable on the Note.

On November 20, 2009, Kevin Richardson a/k/a Kevin Ray Richardson borrowed money from Bank of America, NA and executed a Deed of Trust and Note secured by the above referenced property. Nation Star Mortgage, LLC. has referred the loan to this office for legal action based upon a default under the terms of the loan agreement.

13. Plaintiff states for the record that he does not have any contract or owe any debt to Defendant Nationstar.

14. On August 28, 2012, plaintiff again sent a letter disputing the alleged debt to defendant Rosenberg, asking for validation of their claim. The letter was mailed by certified mail, return receipt, and was received on August 30, 2012.

15. Also on August 28, 2012, plaintiff sent a letter to defendant Nationstar, disputing the alleged debt and asking for validation of their claim. The letter was mailed by certified mail, return receipt and was received on September 4, 2012. Since I had never had any previous contact with Nationstar, I used a mailing address I obtained from an internet search. The address was confirmed to be correct from information obtained at a later date. Nationstar never responded to the letter.

16. On September 10, 2012, plaintiff received a copy of a Deed of Trust from defendant Rosenberg as a partial reply to plaintiffs' request for validation.

17. On September 18, 2012, plaintiff received a letter from defendant Rosenberg as the final part of their response to plaintiffs' request for validation. The amount of the alleged debt quoted first by Rosenberg in this letter was $346,057.29. Later in the letter, Rosenberg stated that the total amount of the alleged debt was $349,957.29. Rosenberg

5

failed to properly validate their claim and again violated the FDCPA. In the letter, it was

stated that Nationstar was now the servicer of this alleged loan and the beneficiary as

shown in this statement from that letter;

> This office represents Nationstar Mortgage, LLC., beneficiary of a Deed of Trust on the debtor's property referenced above. The amount required to pay off the above referenced loan is $346,057.29

18. The Plaintiff never received the required notice from Nationstar, of the

transfer of servicing  rights of the alleged debt, as required by RESPA.

19. On September 28, 2012, plaintiff sent a letter to defendant Rosenberg

requesting the mailing address of their alleged client Nationstar to confirm I had the

correct mailing address as I had not previously received any communications from

Nationstar.

20. On October 15, 2012, plaintiff received a response to the letter requesting the

mailing address for defendant Nationstar from an unknown entity, Commonwealth

Trustees LLC. The address provided matched the address plaintiff obtained earlier from

an internet search.

21. On October 19, 2012, plaintiff sent a qualified written request, (hereafter

QWR), to defendant Nationstar using the provided mail address that was received on

October 15. The QWR was mailed by certified mail, return receipt, and was received on

October 22, 2012. Nationstar did not respond to the QWR in any matter, violating

RESPA.

22. On October 22, 2012, the plaintiff learned for the first time that defendant

Nationstar was reporting negative information on his three major credit reports when a

copy of the credit reports was acquired.

23. The FCRA requires at 15 U.S.C. §1681s-2(a)(7)(A)(i):

*In general.* If any financial institution that extends credit and regularly and in the ordinary course of business furnishes information to a consumer reporting agency described in section 1681a(p) furnishes negative information to such an agency regarding credit extended to a customer, the financial institution shall provide a notice of such furnishing of negative information, in writing, to the customer.

24. The following section of the FCRA, 1681s-2(a)(7)(B)(i) states:

*In general.* The notice required under subparagraph (A) shall be provided to the customer prior to, or no later than 30 days after, furnishing the negative information to a consumer reporting agency described in section 1681a(p).

25. Defendant Nationstar violated the preceding FCRA sections by not providing the plaintiff with the required notice.

26. After mailing the QWR on October 19, plaintiff became aware of a mailing address posted on defendant Nationstars' website to send QWRs' to.

27. After learning of the special QWR address, plaintiff sent a second QWR to defendant Nationstar on November 5, 2012. The letter was sent by certified mail, return receipt, and was received on November 9, 2012. Nationstar did not respond to the QWR in any manner, violating RESPA.

28. On November 12, 2012, plaintiff learned of the recording of an assignment of a Deed of Trust regarding the property in question in this matter, in the Queen Anne's County land records. The assignment was dated November 7, 2012.

29. 15 U.S.C. §1641(g) of TILA requires that when an entity purchases or is assigned the beneficial interest in a loan or property, it must notify the borrower in writing within 30 days of when it is transferred.

30. Plaintiff has not received any notice of the assignment to date

7

31. Defendant Nationstar therefore violated TILA.

32. On November 13, 2012, plaintiff sent a third QWR to Defendant Nationstar with further questions and concerns as their role as assignee servicer. The letter was sent by certified mail, return receipt, and was received on November 19, 2012. Nationstar did not respond to the letter in any manner, violating RESPA.

33. On December 4, 2012, plaintiff received the first communication by mail directly from defendant Nationstar, in the form of a billing statement, stating;

*This is an attempt to collect a debt and any information obtained will be used for that purpose.*

34. Defendant Nationstar violated the FDCPA by continuing to attempt to collect an alleged debt without validating the debt.

35. On January 17, 2013, plaintiff obtained a copy of his credit report and observed that defendant Nationstar was reporting information regarding overdue payments.

36. Defendant Nationstar, as required by RESPA, was supposed to protect the plaintiffs' credit rating and not report such information within the 60 day period from the date Nationstar received the QWR on November 19th.

37. All violations alleged herein occurred within the statutes of limitations.

38. It is asserted that plaintiff does not have a loan or any financial relationship with the defendants and there is nothing on the record to reflect that.

39. Defendant Nationstars' claim to having been assigned the servicing rights to a loan in default makes it a debt collector by definition and subject to all alleged violations.

8

40. Until the plaintiff has evidence that the defendants have legal status to attempt to collect on this alleged debt, the plaintiff has to assume they do not.

41. The plaintiff has made an effort to mitigate the damages he is asking for by mailing a letter to defendants Rosenberg and Nationstar, notifying them of a pending lawsuit, with a chance to amicably settle the matter.

42. The letters were mailed by certified mail, return receipt and they were received on February 14, 2013 by Rosenberg, and February 19, 2013 by Nationstar.

43. These are the facts that pertain to this action at this point in time upon all information and belief.

## COUNT I

### VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. §1692 BY DEFENDANT ROSENBERG & ASSOCIATES

44. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

45. Plaintiff is a consumer within the meaning of the FDCPA, 15 U.S.C. §1692a(3).

46. Defendant Rosenberg & Associates LLC is a debt collector within the meaning of the FDCPA, 15 U.S.C. §1692a(6).

47. Defendant Rosenberg & Associates violated the FDCPA. Defendant's violations include, but are not limited to, the following:

(a) Defendant Rosenberg violated 15 U.S.C. §1692d(1) by using or threatening the use of criminal means to harm the consumer or his property.

9

(b) Defendant Rosenberg violated 15 U.S.C. §1692e(2) by falsely representing

the character, amount, or legal status of the alleged debt.

(c) Defendant Rosenberg violated 15 U.S.C. §1692e(5) by threatening to take an

action that cannot legally be taken or that is not intended to be taken

(d) Defendant Rosenberg violated 15 U.S.C. §1692e(10) by using false

representation or deceptive means to collect an alleged debt and obtain

information about a consumer.

(e) Defendant Rosenberg violated 15 U.S.C. §1692f(1) by the collection of any

amount (including any interest, fee, charge, or expense incidental to the principal

obligation) unless such amount is expressly authorized by the agreement creating the debt

or permitted by law.

(f) Defendant Rosenberg violated 15 U.S.C. §1692f(6) by threatening to

unlawfully repossess or disable the consumers property.

(g) Defendant Rosenberg violated 15U.S.C. §1692g(B) by continuing to attempt

to collect an alleged debt without validating the debt.


WHEREFORE, Plaintiff demands judgment for damages against Defendant

Rosenberg & Associates LLC for statutory damages of $1000.00 proper pursuant to 15

U.S.C. §1692k,  any attorney's fees, court costs, any punitive damages, and any other

relief as the court deems proper, for which let execution issue.

## Count II

## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. §1692 BY NATIONSTAR MORTGAGE LLC

48. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

49. Plaintiff is a consumer within the meaning of the FDCPA, 15 U.S.C. §1692a(3).

50. Defendant Nationstar Mortgage LLC is a debt collector within the meaning of the FDCPA, 15 U.S.C. §1692a(6).

51. Defendant Nationstar Mortgage LLC violated the FDCPA. Defendants' violations include but are not limited to the following;

(a) Defendant Nationstar violated 15 U.S.C §1692d(1) by using or threatening the use of criminal means to harm the consumer or his property.

(b) Defendant Nationstar violated 15 U.S.C §1692e(2) by falsely representing the character, amount, or legal status of the alleged debt.

(c) Defendant Nationstar violated 15 U.S.C §1692e(5) by threatening to take an action that cannot legally be taken or that is not intended to be taken.

(d) Defendant Nationstar violated 15 U.S.C §1692e(8) by communicating false credit information.

(e) Defendant Nationstar violated 15 U.S.C §1692e(10) by using false representation or deceptive means to collect an alleged debt and obtain information about a consumer.

11

(f) Defendant Nationstar violated 15 U.S.C §1692f(1) ) by the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

(g) Defendant Nationstar violated 15 U.S.C §1692f(6) by threatening to unlawfully repossess or disable the consumers property.

(h) Defendant Nationstar violated 15 U.S.C §1692g(B) by continuing collection efforts without validating the alleged debt.

WHEREFORE, Plaintiff demands judgment for damages against Defendant Nationstar Mortgage LLC for statutory damages of $1000.00 pursuant to 15 U.S.C. §1692k, any attorney's fees, court costs, any punitive damages, and any other relief as the court deems proper, for which let execution issue.

## COUNT III

### VIOLATION OF TRUTH IN LENDING ACT(TILA), 15 U.S.C. §1641
### BY DEFENDANT NATIONSTAR MORTGAGE LLC

52. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

53. Plaintiff is alleged to be a consumer in regards to the alleged debt, within the meaning of 15 U.S.C. §1602(i)

12

54. Per defendant Nationstar Mortgage LLCs' claim, Nationstar is a creditor within the meaning of 15 U.S.C. §1602(g).

55.  Defendant Nationstar violated 15 U.S.C. §1641(g) by failing to notify plaintiff it purchased or was assigned the beneficial interest in the alleged debt.

WHEREFORE, Plaintiff demands judgment for damages against Defendant Nationstar Mortgage LLC for statutory damage of $4000.00 pursuant to 15 U.S.C. §1640(a)(2)(A)(iv), any attorney's fees, court costs, any punitive damages, and any other relief as the court deems proper, for which let execution issue .

## COUNT IV

### VIOLATION OF REAL ESTATE SETTLEMENT PROCEDURES ACT, (RESPA) 12 U.S.C. §2605 BY DEFENDANT NATIONSTAR MORTGAGE LLC

56. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

57. Defendant Nationstar Mortgage LLC claims to be the servicer, as assignee or transferee, of an alleged "federally related mortgage loan" within the meaning of 12 U.S.C. §2602(1).

58. Defendant Nationstar failed to notify plaintiff it had acquired the servicing rights within the 15 day limitation pursuant to 12 U.S.C. §2605(c).

59. Defendant Nationstar also failed to respond in any manner to three Qualified Written Requests sent by the plaintiff in violation of 12 U.S.C. §2605(e).

60. Defendant Nationstar violated 12 U.S.C. §2605(e) (3) by not protecting plaintiffs' credit rating within the 60 day period from the receipt of a QWR.

61. Defendant Nationstar has shown a pattern of non-compliance within the requirements of 12 U.S.C. §2605 (RESPA).


WHEREFORE, Plaintiff demands judgment for damages against Defendant Nationstar Mortgage LLC for statutory damages of $10,000.00 pursuant to 12 U.S.C. §2605(f), any attorney's fees, court costs, any punitive damages, and any other relief as the court deems proper, for which let execution issue.


## Count V

### VIOLATION OF THE FAIR CREDIT REPORTING ACT (FCRA) 15 U.S.C. § 1681 et. Seq., BY DEFENDANT NATIONSTAR MORTGAGE LLC.

62. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

63. The Plaintiff is a consumer as defined at 15 U.S.C. § 1681a(c).

64. Defendant Nationstar is a person as defined at 15 U.S.C. § 1681a(b).

65. Defendant Nationstar violated 15 U.S.C. §1681s-2(a)(7)(A)(i) by not notifying the plaintiff, within the required time limit, of the negative credit information it was reporting on the plaintiffs credit reports.

14

WHEREFORE, Plaintiff demands judgment for damages against Defendant Nationstar Mortgage LLC for statutory damage of $1000.00 pursuant to 15 U.S.C. §1681n, any attorney's fees, court costs, any punitive damages, and any other relief as the court deems proper, for which let execution issue.

## COUNT VI

### VIOLATION OF THE MARYLAND CONSUMER DEBT COLLECTION ACT, (MCDCA), MD CODE ANN. COMM. LAW §14-201 ET. SEQ. BY DEFENDANT ROSENBERG & ASSOCIATES LLC

66. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

67. Plaintiff is alleged to be involved in a "consumer transaction" within the meaning of MCDCA §14-201(c).

68. Defendant Rosenberg & Associates LLC is a collector within the meaning of MCDCA §14-201(b).

69. Defendant Rosenberg violated MCDCA §14-202(8) by attempting to enforce a right with knowledge that right did not exist.

WHEREFORE, Plaintiff demands judgment for damages against Defendant Rosenberg & Associates LLC for statutory damages of $1000.00 pursuant to MCDCA §14-203, any attorney's fees, court costs, any punitive damages, and any other relief as the court deems proper, for which let execution issue.

## COUNT VII

### VIOLATION OF THE MARYLAND CONSUMER DEBT COLLECTION ACT, (MCDCA), MD CODE ANN. COMM. LAW §14-201 ET. SEQ. BY DEFENDANT NATIONSTAR MORTGAGE LLC

70. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

71. Plaintiff is alleged to be involved in a "consumer transaction" within the meaning of MCDCA §14-201(c).

72. Defendant Nationstar Mortgage LLC is a collector within the meaning of MCDCA §14-201(b), according to its claim.

73. Defendant Nationstar violated MCDCA §14-202(3) by disclosing information which affects plaintiffs reputation for credit worthiness with knowledge that the information is false.

74. Defendant Nationstar violated MCDCA §14-202(8) by attempting and threatening to enforce a right with knowledge that right did not exist.

75. Plaintiff has been subjected to emotional and mental anguish since the beginning of this matter.

76. Defendant Nationstar is liable for damages for emotional distress or mental anguish under MCDCA §14-203.

WHEREFORE, Plaintiff demands judgment for damages against Defendant Nationstar Mortgage LLC for statutory damages of $1000.00 pursuant to MCDCA §14-203, any attorney's fees, court costs, any punitive damages, and any other relief as the court deems proper, for which let execution issue.

## COUNT VIII

### VIOLATION OF THE MARYLAND CONSUMER PROTECTION ACT, (MCPA), MD CODE ANN. COMM. LAW §13-301 ET. SEQ. BY DEFENDANT NATIONSTAR MORTGAGE LLC

77. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

78. Plaintiff is alleged to be a "consumer" within the meaning of MCPA §13-101(c)(1).

79. Defendant Nationstar Mortgage LLC is a merchant within the meaning of MCPA §13-101(g)(1), according to its claim.

80. Defendant Nationstar violated the MCPA. Defendant Nationstars' violations include but are not limited to;

(a) Defendant Nationstar violated MCPA §13-101(1) by providing plaintiff with false or misleading written information which has the capacity, tendency, or effect of deceiving or misleading the consumer.

(b) Defendant Nationstar violated MCPA §13-301(2)(ii) by representing they had approval, status, affiliation, or connection which it does not have.

17

(c)  Defendant Nationstar violated MCPA §13-301(3) by failing to state a material fact which deceives or tends to deceive.

(d)  Defendant Nationstar violated MCPA §13-301(14)(iii) by violating Title 14, Subtitle 2 of the MCDCA.

(e)  Defendant Nationstar violated MCPA §13-303 by engaging in an unfair or deceptive trade practice in the collection of an alleged consumer debt.

(f)  MCPA §13-302 states any practice prohibited by this title is a violation of this title, whether or not any consumer in fact has been misled, deceived, or damaged as a result of that practice.

(g)  Plaintiff has been subjected to emotional and mental anguish since the beginning of this matter.

WHEREFORE, Plaintiff demands judgment for damages against Defendant Nationstar Mortgage LLC for statutory damages of $1000.00 pursuant to MCPA §13-408(a), any attorney's fees, court costs, any punitive damages, and any other relief as the court deems proper, for which let execution issue.

## VERIFICATION OF KEVIN RICHARDSON

I, Kevin Richardson, declare as follows:

1. I am named as the Plaintiff in the above-entitled matter.

2. I have read the foregoing complaint and know the facts therein

   stated to be true and correct.

3. I declare, under penalty of perjury pursuant to the laws of the

   United States of America, that the foregoing is true and correct to

   the best of my knowledge and belief.

BY: _Kevin Richardson_

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Dated: March 11, 2013

Respectfully submitted,

_Kevin Richardson_

Kevin Richardson
631 Railroad Avenue, #321
Centreville, Maryland 21617
Phone is 410 739 3606
Email is vinson19@lavabit.com