IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

KEVIN RICHARDSON,

       Plaintiff,

           v.

                                   CIVIL NO.: WDQ-13-0822

ROSENBERG & ASSOCIATES LLC,
*et al.*,

       Defendants.

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## MEMORANDUM OPINION

Kevin Richardson *pro se* sued Rosenberg & Associates LLC
("R&A"), and Nationstar Mortgage LLC ("Nationstar"),
(collectively "the Defendants"), for violations of the Fair Debt
Collection Practices Act ("FDCPA"),[1] the Truth in Lending Act
("TILA"),[2] the Real Estate Procedures Act ("RESPA"),[3] the Fair
Credit Reporting Act ("FCRA"),[4] the Maryland Consumer Debt
Collection Act ("MCDCA"),[5] and the Maryland Consumer Protection
Act ("MCPA").[6] Pending are R&A's and Nationstar's motions to

---

[1] 15 U.S.C. §§ 1692 *et seq.*

[2] 15 U.S.C. §§ 1601 *et seq.*

[3] 12 U.S.C. §§ 2601 *et seq.*

[4] 15 U.S.C. §§ 1681 *et seq.*

[5] Md. Code Ann., Comm. Law §§ 14-201 *et seq.*

[6] Md. Code Ann., Comm. Law §§ 13-101 *et seq.*

dismiss, and Richardson's motion for leave to amend. For the
following reasons, the motions to dismiss will be granted in
part and denied in part. Richardson's motion for leave to amend
will be granted.

I.   Background[7]

On May 17, 2012, Richardson received a letter from R&A,
"attempting to collect an alleged debt" in the amount of
$339,835.95 for Bank of America. ECF No. 1 ¶ 9. On June 11,
2012, Richardson sent a letter by certified mail to R&A
disputing the debt and asking for validation of the claim. *Id.*
¶ 10. The letter was received on June 13, 2012, and R&A did not
respond. *Id.* On August 2, 2012, Richardson received a letter
from R&A, "attempting to collect on the same alleged debt" in
the amount of $336,955.55 for Nationstar. *Id.* ¶ 11. On August

---

[7] On a motion to dismiss, the well-pled allegations in the
complaint are accepted as true. *Brockington v. Boykins*, 637
F.3d 503, 505 (4th Cir. 2011). The Court will consider the
pleadings, matters of public record, and documents attached to
the motions that are integral to the complaint and whose
authenticity is not disputed. *See Philips v. Pitt Cnty. Mem'l
Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). Because Richardson is
proceeding *pro se*, the Court will also consider the factual
allegations in his oppositions to the motions to dismiss to the
extent they are consistent with the complaint. *See, e.g., Rush
v. Am. Home Mortgage, Inc.*, No. WMN-07-CV-0854, 2009 WL 4728971,
at *3 (D. Md. Dec.3, 2009); *see also Erickson v. Pardus*, 551
U.S. 89, 94 (2007) ("A document filed pro se is to be liberally
construed, and a pro se complaint, however inartfully pleaded,
must be held to less stringent standards than formal pleadings
drafted by lawyers." (internal quotations and citations
omitted).

2

28, 2012, Richardson sent another letter by certified mail to R&A disputing the debt and asking for validation of the claim. *Id.* ¶ 14. The letter was received on August 30, 2012. *Id.*

On August 28, 2012, Richardson also sent a letter to Nationstar at an address obtained from the internet, disputing the alleged debt and asking for validation. *Id.* ¶ 15. The letter was received on September 4, 2012. *Id.* On September 10, 2012, Richardson received a copy of a Deed of Trust from R&A. *Id.* ¶ 16. On September 18, 2012, Richardson received a letter from R&A itemizing the amount due and identifying Nationstar as the beneficiary of the Deed of Trust. *See* ECF No. 19, Ex. I. The letter includes a discrepancy in the total amount allegedly due on the debt.[8] Richardson did not receive a notice from Nationstar about the transfer of servicing rights of the alleged debt. ECF No. 1 ¶ 18. On September 28, 2012, Richardson sent a letter to R&A requesting the mailing address for Nationstar. *Id.* ¶ 19. On October 15, 2012, Richardson received a response to this letter "from an unknown entity, Commonwealth Trustees LLC." *Id.* ¶ 19. The address provided for Nationstar was the one Richardson had previously used. *Id.*

---

[8] In the first paragraph of the letter, the total amount required to pay off the loan is stated as $346,057.29. ECF No. 19, Ex. I. In the itemized breakdown, the total amount due is stated as $349,957.29. *Id.*

On October 19, 2012, Richardson sent a letter by certified mail to Nationstar requesting various information.[9] The letter was received on October 22, 2012; Nationstar did not respond. ECF No. 1 ¶ 21. On October 22, 2012, Richardson learned that "Nationstar was reporting negative information on his three major credit reports." *Id.* ¶ 22. Richardson did not receive notice of the negative information from Nationstar. *Id.* ¶ 25. On November 5, 2012, Richardson sent a second "QWR" by certified mail to Nationstar at the address designated to receive QWRs.[10] The letter was received on November 9, 2012; Nationstar did not respond. *Id.* ¶ 27. On November 12, 2012, Richardson learned that an assignment of a Deed of Trust concerning the property had been recorded in the Queen Anne's County land records. *Id.* ¶ 28. The assignment was dated November 7, 2012. *Id.* Richardson did not receive any notice of the assignment. *Id.* ¶ 30. On November 13, 2012, Richardson sent a third "QWR" by

---

[9] The letter purports to be a Qualified Written Request ("QWR") as defined by RESPA. ECF No. 19, Ex. K. It requests a variety of information, including the loan transaction history, collection records, the identity of the Note and Deed of Trust owner, a history of fees, the identity of the holder of the Note, and assignment information. *See id.*

[10] ECF No. 1 ¶¶ 26-27. The letter contained the same requests for information as the "QWR" sent on October 19, 2012. *See* ECF No. 19, Exs. L, K.

4

certified mail to Nationstar.[11]  The letter was received on
November 19, 2012; Nationstar did not respond.  *Id.*  On December
4, 2012, Richardson received a billing statement from
Nationstar.  ECF No. 1 ¶ 33.  On January 17, 2013, Richardson
"obtained a copy of his credit report and observed that
defendant Nationstar was reporting information regarding overdue
payments."  *Id.* ¶ 35.

On March 18, 2013, Richardson *pro se* sued Nationstar and
R&A for violations of the FDCPA and other statutes.[12]  On June
12, 2013, R&A moved to dismiss.  ECF No. 5.  On June 27, 2013,
Nationstar moved to dismiss.  ECF No. 9.  On July 12, 2013,
Richardson opposed R&A's motion to dismiss.  ECF No. 16.  On
July 26, 2103, R&A replied.  ECF No. 18.  On July 26, 2013,
Richardson opposed Nationstar's motion to dismiss.  ECF No. 19.
On August 28, 2013, Nationstar replied.  ECF No. 22.  On

---

[11] ECF No. 1 ¶ 32.  This letter requested the original mortgage
note, copies or all endorsements and assignments, evidence of
Nationstar's authority to service the loan, and the identity of
the mortgage owner.  *See* ECF No. 19, Ex. M.

[12] In his complaint Richardson asserts eight counts:
- Violations of FDCA against R&A (Count I), and Nationstar
  (Count II);
- Violation of TILA against Nationstar (Count III);
- Violation of RESPA against Nationstar (Count IV);
- Violation of FCRA against Nationstar (Count V);
- Violations of MCDCA against R&A (Count VI), and Nationstar
  (Count VII);
- Violation of MCPA against Nationstar (Count VIII).
ECF No. 1 ¶¶ 44-80.

5

December 3, 2013, Richardson moved to voluntarily dismiss Counts V, VII, and VIII without prejudice.[13]  On December 17, 2013, Nationstar opposed the motion.  ECF No. 24.  On December 30, 2013, Richardson replied.  ECF No. 25.

II.  Analysis

A.  Legal Standard

Under Fed. R. Civ. P. 12(b)(6), an action may be dismissed for failure to state a claim upon which relief can be granted.  Rule 12(b)(6) tests the legal sufficiency of a complaint, but does not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."  *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

The Court bears in mind that Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief."  *Migdal v. Rowe Price-Fleming Int'l Inc.*, 248 F.3d 321, 325-26 (4th Cir. 2001).  Although Rule 8's notice-pleading requirements are "not onerous," the plaintiff must allege facts that support each element of the claim advanced.  *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 764-65 (4th Cir. 2003).  These facts must be sufficient to "state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

---

[13] ECF No. 23.  As discussed further in Part II.B., the Court will construe this as a motion for leave to amend.

6

This requires that the plaintiff do more than "plead[] facts that are 'merely consistent with a defendant's liability'"; the facts pled must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Twombly*, 550 U.S. at 557). The complaint must not only allege but also "show" that the plaintiff is entitled to relief. *Id.* at 679 (internal quotation marks omitted). "Whe[n] the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks and alteration omitted).

   B.   Richardson's Motion for Voluntary Dismissal (Counts V, VII, and VIII)

Richardson seeks to voluntarily dismiss, without prejudice, Counts V, VII, and VIII. *See* ECF No. 23 at 1. The Court will construe Richardson's request as a motion to amend the complaint under Rule 15 to remove those claims.[14]

Under Fed. R. Civ. P. 15(a)(2), the Court "should freely give leave [to amend] when justice so requires." Fed. R. Civ.

---

[14] Although Richardson cites Rule 41(a)(2) in his reply, Rule 41 provides for the dismissal of actions, rather than individual claims. *See* Fed. R. Civ. P. 41(a)(2). Accordingly, Rule 15 is "technically the proper vehicle to accomplish a partial dismissal." *See Miller v. Terramite Corp.*, 114 F. App'x 536, 540 (4th Cir. 2004). Similar standards govern the Court's exercise of discretion under either rule. *Id.*

7

P. 15(a)(2). Thus, "leave to amend should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or amendment would be futile." *Matrix Capital Mgmt. Fund, LP v. BearingPoint, Inc.*, 576 F.3d 172, 193 (4th Cir. 2009) (internal citation and quotation marks omitted). The decision to grant leave to amend is within the sound discretion of the district court. *See Deasy v. Hill*, 833 F.2d 38, 40 (4th Cir. 1987).

Here, the case is in the beginning stages of litigation. There has been no discovery, and the Defendants have not moved for summary judgment. Thus, the Defendants would not be unfairly prejudiced if Richardson were permitted to reduce the number of claims in his complaint. Richardson's request, construed as a motion for leave to amend his complaint by deleting Counts V, VII, and VIII, will be granted.[15]

    C.   Nationstar and R&A's Motions to Dismiss

        1.   FDCPA Claims (Counts I and II)

To state a claim under the FDCPA, the plaintiff must allege that: (1) the defendant is a debt collector under the FDCPA, (2) the plaintiff is the object of a collection activity arising from consumer debt, and (3) the defendant engaged in a debt collection activity prohibited by the FDCPA. *See Ademiluyi v.*

---

[15] Accordingly, Nationstar's motion to dismiss these counts will be denied as moot.

*PennyMac Mortg. Inv. Trust Holdings I, LLC*, 929 F. Supp. 2d 502, 524 (D. Md. 2013); *Stewart v. Bierman*, 859 F. Supp. 2d 754, 759 (D. Md. 2012).

Richardson identifies eight provisions of the FDCPA as the basis for his claims against Nationstar and R&A.[16] Nationstar argues that Richardson's claims fail because Nationstar is not a debt collector, and he has not alleged any facts showing violations of the FDCPA. *See* ECF No. 9-1 at 5. R&A also contends that Richardson has not identified any actions R&A took in violation of the FDCPA. *See* ECF No. 5-1 at 4.

   a. Debt Collectors

By enacting the FDCPA, Congress sought to "eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e). A "debt collector" is "any person who uses any instrumentality of interstate commerce . . . in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." *Id.* § 1692a(6). The FDCPA applies when a debt collector uses practices prohibited by the statute. *Bradshaw v. Hilco Receivables, LLC*, 765 F. Supp. 2d 719, 725 (D. Md. 2011).

---

[16] Richardson alleges that R&A and Nationstar violated the following provisions of the FDCPA: 15 U.S.C. §§ 1692d(1), 1692e(2), 1692e(5), 1692e(10), 1692f(1), 1692f(6), and 1692g(b). *See* ECF No. 1 ¶¶ 47, 51. Richardson also alleges that Nationstar violated 15 U.S.C. § 1692e(8). ECF No. 1 ¶ 51(d).

The FDCPA contains non-exhaustive lists of prohibited practices. *See, e.g.*, 15 U.S.C. § 1692f. "The FDCPA is a strict liability statute and a consumer has only to prove one violation in order to trigger liability." *Bradshaw*, 765 F. Supp. 2d at 725 (*citing* § 1692k(a)).

Nationstar argues that Richardson has not alleged facts showing that Nationstar is a "debt collector" under the FDCPA. *See* ECF No. 22 at 2. Generally, mortgage servicing companies are not debt collectors under the FDCPA. *See, e.g.*, *Adam v. Wells Fargo Bank, N.A.*, No. ELH-09-2387, 2011 WL 3841547, at *20 (D. Md. Aug. 26, 2011); *Flores v. Deutsche Bank Nat'l Trust, Co.*, No. DKC-10-0217, 2010 WL 2719849, at *6 (D. Md. July 7, 2010). Mortgage servicing companies are exempt from the definition of "debt collectors" under the FDCPA only "to the extent that they take action to collect debts that were not in default at the time they acquired the debts."[17] Richardson alleges in the complaint that Nationstar is a servicer and is a debt collector under the FCDPA. *See* ECF No. 1 ¶ 39. He also alleges in his opposition that his debt went into default before

---

[17] *See Webb v. Green Tree Servs., LLC*, No. ELH-11-2105, 2012 WL 2065539, at *3 (D. Md. June 7, 2012); 15 U.S.C. § 1692a(6)(F)(iii) (exempting from the definition of the term "debt collector" any person attempting to collect a debt owed to the extent it "concerns a debt which *was not in default at the time it was obtained by such person*." (emphasis added)).

10

the assignment of the debt to Nationstar.[18]  Accordingly,

Richardson has sufficiently alleged that Nationstar is a debt

collector under the FDCPA.[19]

b.    Harassment or Abuse

Richardson alleges that the Defendants violated § 1692d(1)

by "using or threatening the use of criminal means to harm the

consumer or his property."   ECF No. 1 ¶¶ 47(a), 51(a).

Richardson argues that any of the Defendant's attempts to

collect the debt are a criminal threat to cause harm because

they have not produced any evidence demonstrating that they

"have the legal agency status to attempt to collect on this

alleged debt."   ECF No. 19 at 8; ECF No. 16 at 7.[20]

Section 1692d(1) prohibits "[t]he use or threat of use of

violence or other criminal means to harm the physical person,

reputation, or property of any person."   15 U.S.C. § 1692(1).

Richardson has not identified any threat of violence or use of

_____

[18] *See* ECF No. 19 at 7.  As stated previously, the Court will
consider the factual allegations in Richardson's opposition to
the extent that they are consistent with his complaint.  *See,
e.g., Rush*, 2009 WL 4728971, at *3; *see also Erickson*, 551 U.S.
at 94.

[19] *See Webb*, 2012 WL 2065539, at *4 (to state a claim plaintiff
does not need to plead that no exception to the definition of
"debt collector" applies to the defendant).

[20] Richardson repeatedly refers to "legal agency status"
throughout his oppositions.  *See, e.g.*, ECF No. 19 at 8-9.
Richardson uses this term to mean that the Defendants have not
provided records "showing the proper chain of title to the
alleged debt from the original creditor."  *See* ECF No. 19 at 8.

criminal means to harm him or his property. The allegation that
the Defendants have not provided evidence of the debt's chain of
title does not amount to a threat to use criminal means to harm
Richardson's property. Richardson asserts the legal conclusion
that the Defendants have violated § 1692(d)(1), but has not
alleged facts sufficient to state a plausible claim. *See*
*Twombly*, 550 U.S. at 570. Accordingly, Richardson has not
stated a claim under § 1692d(1) against Nationstar or R&A.

    c. False or Misleading Representations

  Richardson alleges the Defendants violated § 1692e which
prohibits "false, deceptive, or misleading representation." 15
U.S.C. § 1692e; ECF No. 1 ¶¶ 47(b)-(d), 51(b)-(e). The
Defendants contend that Richardson has not alleged a sufficient
factual basis to state a claim for these violations. *See* ECF
No. 9-1 at 5; ECF No. 5-1 at 4.

    i. Section 1692e(2)

  Richardson argues that the Defendants violated § 1692e(2)
"by falsely representing the amount of the alleged debt,"
because letters from R&A provided inconsistent totals for the
amount of debt due.[21]  Section 1692e(2) prohibits the false

---

[21] *See* ECF No. 19 at 8; ECF No. 19, Ex. I; ECF No. 16 at 7. The
first letter from R&A about the debt on behalf of Bank of
America stated that $339,835.95 was due. ECF No. 1 ¶ 9. The
second letter from R&A about the debt on behalf of Nationstar
listed the total amount due as $336,995.55. *Id.* ¶ 12. The
third letter from R&A in response to Richardson's request for

12

representation of the amount of any debt. *See* 15 U.S.C. §
1692e(2)(A). The Fourth Circuit applies the "least
sophisticated debtor" standard in evaluating violations of §
1692e. *See United States v. Nat'l Fin. Servs., Inc.*, 98 F.3d
131, 135 (4th Cir. 1996).

R&A argues that the inconsistent amounts were a result of
the interest accruing. *See* ECF No. 18 at 3. However, the
amount due provided in the second letter was less than the
amount listed in the first; and the third letter contained
inconsistent amounts. *See* ECF No. 1 ¶¶ 9, 12, 17. An
unsophisticated customer could be misled by the inconsistencies,
particularly the differing amounts in the letter providing
verification of the debt. *See* ECF No. 19, Ex. I. Although the
error may have been the result of an unintentional clerical
mistake, the issue of whether a debt collector is shielded from
liability based on a bona fide error is an affirmative defense
and a question for summary judgment. *See* 15 U.S.C. § 1692k(c);
*Warren v. Sessoms & Rogers, P.A.*, 676 F.3d 365, 375 (4th Cir.
2012). Richardson has sufficiently alleged that R&A falsely
represented the amount of debt due.

R&A sent the second and third letters on behalf of
Nationstar. See ECF No.1 ¶¶ 12, 17. Although the Fourth

---

validation of the debt provided the total as $346,057.29 in one
paragraph and $349,957.29 in another. *Id.* ¶ 17.

Circuit has not addressed the issue, other circuit courts have held that a debt collector can be held vicariously liable for the FDCPA violation of its attorney acting on its behalf.[22] As discussed above, *supra* Part II.C.1.a., Richardson has sufficiently alleged that Nationstar is a debt collector. Accordingly, Nationstar may be held liable for R&A's FDCPA violation.[23]

## ii. Section 1692e(5)

Richardson also asserts that the Defendants violated § 1692e(5) by "threatening to take an action that cannot legally be taken or that is not intended to be taken." *See* ECF No. 1 ¶¶ 47(c), 51(c); 15 U.S.C. § 1692e(5). Richardson argues that the Defendants have not provided proof that they are licensed to collect debts in Maryland. ECF No. 16 at 7; ECF No. 19 at 9. Under the Maryland Collection Agency Licensing Act ("MCALA"), a person doing business as a "collection agency" in Maryland must be licensed. *See* Md. Code Ann., Bus. Reg. § 7-301(a). A

---

[22] *See Fox v. Citicorp Credit Servs., Inc.*, 15 F.3d 1507, 1516 (9th Cir. 1994) (holding debt collector vicariously liable for the FDCPA violation of its attorney); *Wadlington v. Credit Acceptance Corp.*, 76 F.3d 103, 108 (6th Cir. 1996) (client may be vicariously liable only if the client qualifies as a debt collector); *Pollice v. Nat'l Tax Funding, L.P.*, 225 F.3d 379, 504 (3d Cir. 2000) (same).

[23] *Cf. Fontell v Hassett*, 870 F. Supp. 2d 395, 412 (D. Md. 2012) (holding homeowners' association could not be vicariously liable for the FDCPA violations of its attorney because it was clearly not a debt collector).

"collection agency" includes a person who directly or indirectly engages in the business of collecting a consumer claim for another, or "collecting a consumer claim the person owns, if the claim was in default when the person acquired it." *See id.* § 7-101(c)(1). Although a violation of the MCALA may support a claim under the FDCPA; doing business in violation of the MCALA is not a per se violation of the FDCPA. *See, e.g.*, *Ademiluyi*, 929 F. Supp. 2d at 519; *Bradshaw*, 765 F. Supp. 2d. at 729. The debt collector's conduct must also violate a relevant provision of the FDCPA. *Id.*

Richardson alleges that the Defendants are doing business as collection agencies without a license and that they threatened to take legal action which they are not legally able to take. The Fourth Circuit applies the "least sophisticated debtor" standard in evaluating whether a statement is a threat under the FDCPA. *See Nat'l Fin. Servs., Inc.*, 98 F.3d at 135. Richardson alleges that the Defendants sent letters "attempting to collect on an alleged debt." *See* ECF No. 1 ¶¶ 9, 12, 33. As applied here, the question is whether the least sophisticated debtor would reasonably believe that the notices threaten to take action that cannot legally be taken. *See Ademiluyi*, 929 F. Supp. 2d at 527; *Grant-Fletcher v. Brachfeld Law Grp., PC*, No. WMN-11-2072, 2012 WL 2523094, at *6 (D. Md. June 28, 2012). Richardson includes an excerpt of a letter sent by R&A, stating

that "Nation Star Mortgage, LLC has referred the loan to this office for legal action based upon a default under the terms of the loan agreement." ECF No. 1 ¶ 12. This letter could be viewed by the least sophisticated debtor as a threat to commence legal action.[24] Accordingly, Richardson's claim under § 1692e(5) will survive dismissal.

### iii. Section 1692e(8) Claim Against Nationstar Only

Section 1692e(8) prohibits a debt collector from "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." 15 U.S.C. § 1692e(8). Richardson provides copies of his credit reports, acquired on October 22, 2012, that indicate Nationstar reported negative information to three consumer reporting agencies ("CRAs"), including that Richardson was past due on mortgage payments. *See* ECF No. 1 ¶ 22; ECF No. 19, Ex. H. Richardson also alleges that he disputed this debt with letters to R&A and Nationstar sent on August 28, 2012. *See*

---

[24] *Compare Ademiluyi*, 929 F. Supp. 2d at 527 (letter providing notice of intent to foreclose could be understood as a threat by an unlicensed debt collector to initiate foreclosure proceedings), *with Grant-Fletcher*, 2012 WL 2523094, at *6 (plaintiff did not state a claim under § 1692e(5) when an unlicensed defendant faxed a letter that did not contain any reference to legal action).

16

ECF No. 1 ¶¶ 14-15. Accordingly, Richardson has sufficiently alleged that Nationstar had knowledge that the debt was disputed and did not communicate this information to the consumer reporting agencies.[25] Richardson has stated a claim against Nationstar for violating § 1692e(8).

iv. Section 1692e(10)

Section 1692e(10) prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. 1692e(10). As discussed above, *supra* Part II.C.1.c.i-iii., Richardson has sufficiently alleged that the Defendants used a false representation in attempting to collect his debt. Accordingly, the Defendants' motion to dismiss Richardson's 1692e(10) claim will also be denied.

d. Unfair or Unconscionable Means

Richardson asserts claims against the Defendants under § 1692f(1) and § 1692f(6).[26] Richardson argues that the Defendants

---

[25] *Cf. Shah v. Collecto, Inc.*, at *9-11 (D. Md. Sept. 12, 2005) (debt collector was mandated by the FDCPA to alert the CRAs about the dispute of a debt it had previously reported); Federal Trade Comm'n, Office of the Sec'y, Fair Debt Collection Practices Act, Staff Opinion Letter (Dec. 23, 1997), 1997 WL 33791232 (F.T.C.) ("[I]f a dispute is received after a debt has been reported to a consumer reporting agency, the debt collector is obligated by Section 1692e(8) to inform the consumer reporting agency of the dispute.").

[26] ECF No. 1 ¶¶ 47(f)-(g), 51(f)-(g). Section 1692f(1) prohibits "[t]he collection of any amount . . . unless such amount is

17

violated these provisions by failing to provide proof of "legal agency status" and not showing that the charges were authorized by a contract related to the alleged debt. *See* ECF No. 19 at 9; ECF No. 16 at 8. Richardson has not alleged any facts showing that the amount the Defendants are seeking to collect is not authorized by the agreement creating the debt; this is required to assert a claim under § 1692f(1). He also has not alleged that the Defendants threatened to take any action to dispossess his property in violation of § 1692f(6). Richardson's bare allegations of illegality, without factual support, do not state a plausible claim for relief. *See Twombly*, 550 U.S. at 570.

    e.    Validation of the Debt

    Richardson argues that the Defendants violated § 1692g(b) "by continuing collection efforts without validating the alleged debt." ECF No. 1 ¶¶ 47(h), 51(h). Under § 1692g(b), if a consumer notifies a debt collector in writing that the debt is disputed within 30 days:

> [T]he debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt

---

expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1). Section 1692f(6) prohibits "[t]aking or threatening to take any nonjudicial action to effect dispossess or disablement of property if - (A) there is no present right to possession of the property claimed as collateral through an enforceable security interest; (B) there is no present intention to take possession of the property; or (C) the property is exempt by law from such dispossession or disablement." 15 U.S.C. § 1692f(6).

> collector obtains verification of the debt or a copy
> of a judgment, or the name and address of the original
> creditor, and a copy of such verification or judgment,
> or name and address of the original creditor, is
> mailed to the consumer by the debt collector.

15 U.S.C. § 1692g(b). In the Fourth Circuit, "verification of a debt involves nothing more than the debt collector confirming in writing that the amount being demanded is what the creditor is claiming is owed." *Chaudhry v. Gallerizzo*, 174 F.3d 394, 406 (4th Cir. 1999).

Richardson alleges that he received a letter from R&A attempting to collect on the debt for its client, Bank of America, on May 17, 2012. ECF No. 1 ¶ 9. On June 11, 2012, Richardson sent a letter to R&A disputing the debt. *Id.* ¶ 10. On August 2, 2012, Richardson received another letter from R&A attempting to collect on the debt for its client, Nationstar. *Id.* ¶ 12. On August 28, 2012, Richardson sent letters disputing the debt to R&A and Nationstar. *Id.* ¶¶ 14, 15. Richardson then received a copy of the Deed of Trust and verification of the debt from R&A on September 10, 2012 and September 18, 2012 respectively. ECF No. 1 ¶¶ 16-17.0.

Richardson has sufficiently alleged that R&A continued collection activities by sending a letter attempting to collect the debt after he had disputed the debt and requested validation in writing. Although R&A was acting on behalf of Bank of America in sending its first letter; it was acting on behalf of

19

Nationstar when it allegedly violated the FDCPA by sending the second letter after Richardson disputed the debt. Accordingly, because Richardson has alleged that Nationstar is a debt collector, Nationstar may be held vicariously liable for the violations of R&A acting on its behalf. *See supra* Part II.C.1.c.i. The Defendant's motion to dismiss Richardson's § 1692g(b) claim will be denied.

      2.    TILA Claim (Count III)

Richardson alleges that Nationstar violated TILA by failing to notify him "it purchased or was assigned the beneficial interest in the alleged debt." ECF No. 1 ¶ 55. Nationstar argues that Richardson cannot maintain a claim under § 1641(g) because he does not allege that Nationstar was the owner of the debt. ECF No. 22 at 5.

Section 1641(g) provides that if "a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer" within 30 days. 15 U.S.C. § 1641(g). Although Richardson does not allege in his complaint that Nationstar is the owner of the debt, in his opposition he attaches a "Corporation Assignment of Deed of

Trust."[27] The assignment "grants, assigns and transfers" to Nationstar "[a]ll beneficial interest" under the Deed of Trust, "[t]ogether with the Note or Notes therein described or referred to, the money due and to become due thereon with interest, and all rights accrued or to accrue under said Deed of Trust." ECF No. 19, Ex. J. This language assigns the right of ownership in the Note and the Deed of Trust to Nationstar.[28] Accordingly, Richardson has sufficiently alleged that Nationstar acquired ownership of the underlying debt, triggering the notification requirements in § 1641(g).

Nationstar contends that Richardson's claim under § 1641(g) must be dismissed because he received actual notice of the assignment within the 30-day period. *See* ECF No. 9-1 at 7; ECF No. 22 at 5. On November 12, 2012, Richardson learned that an assignment of the Deed of Trust was recorded in the Queen Anne's County land records. ECF No. 1 ¶ 28. The assignment was dated as received on November 7, 2012. *See* ECF No. 19, Ex. J. The plain language of § 1641(g) requires the new owner or assignee of the debt to notify the borrower in writing within 30 days of

---

[27] *See* ECF No. 19, Ex. J. Nationstar does not dispute the validity of this document. The Court will consider it. *See Philips*, 572 F.3d at 180; *Rush*, 2009 WL 4728971, at *3.
[28] *Cf. Terry v. Mortg. Elec. Registration Systs., Inc.*, No. 8:13-CV-00773-AW, 2013 WL 1832376, at *2-3 (D. Md. April 30, 2013) (assignment of beneficial interest in a deed of trust did not transfer legal title of debt, therefore it did not implicate § 1641(g)).

the transfer. *See* 15 U.S.C. § 1641(g). The Fourth Circuit has held that TILA's requirements must be "reasonably construed and equitably applied." *Am. Mortg. Network, Inc. v. Shelton*, 486 F.3d 815, 819 n.4 (4th Cir. 2007). Nationstar provides no legal support for its argument that actual notice excuses the need for compliance with TILA notice requirements.[29] Richardson has sufficiently alleged that Nationstar was required to provide notice under § 1641(g) and failed to do so in violation of TILA.

3.    RESPA Claim (Count IV)

Richardson asserts a claim for RESPA violations based on Nationstar's failure to notify him that it had acquired service rights to his mortgage; to respond to three QWRs; and to protect his credit rating after the receipt of the QWR. *See* ECF No. 1 ¶¶ 58-60; 12 U.S.C. §§ 2605(c), 2605(e). Nationstar argues that Richardson's letters do not qualify as QWRs, and that he has failed to allege any damages. *See* ECF No. 9-1 at 8-10.

Section 2605(e) of RESPA requires a loan servicer to provide a written response acknowledging receipt within five days if the servicer receives a qualified written request from

---

[29] Nationstar relies on *Amco, Inc. v. Penrod-Stauffer Bldg. Systs., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984), which held that, although "[w]hen there is actual notice, every technical violation of the rule or failure of strict compliance may not invalidate the service of process . . . plain requirements for the means of effecting service of process may not be ignored." This case refers to the requirements for service of process under the Federal Rules of Civil Procedure. It does not construe notice requirements under the TILA.

the borrower "for information relating to the *servicing*" of a loan. 12 U.S.C. § 2605(e)(1)(A) (emphasis added). Under RESPA, "servicing" means:

> [R]eceiving any scheduled periodic payments from a borrower pursuant to the terms of any loan . . . and making the payments of principal and interest and such other payment with respect to the amounts received from the borrower as may be required pursuant to the terms of the loan.

12 U.S.C. § 2605(i)(3). Communications challenging the validity of the loan, and not the servicing of the loan, are not QWRs under RESPA. *See, e.g.*, *Minson v. CitiMortgage, Inc.*, No. DKC-12-2233, 2013 WL 2383658, at *5 (D. Md. May 29, 2013); *In re McGinley*, 490 B.R. 723, 728-29 (Bankr. D. Md. 2013); *Reed v. PNC Mortg.*, No. AW-13-1536, 2013 WL 3364372, at *4 (D. Md. July 2, 2013).

Richardson's first two letters request a variety of information relating to the loan; including the loan transaction history, collection records, the identity of the Note and Deed of Trust owner, a fee history, the identity of the holder of the Note, and assignment information. See ECF No. 19, Exs. L, K. The third letter requested the original mortgage note, copies of all endorsements and assignments, evidence of Nationstar's authority to service the loan, and the identity of the mortgage owner. *See* ECF No. 19, Ex. M. These letters do not request information related to loan servicing, such as information about

the receipt of periodic payments or the amounts of such payments. *See Minson*, 2013 WL 2383658, at *5. Although the letters purport to be QWRs, in substance they seek information about the validity of the underlying debt and Nationstar's authority to service the loan. *See* ECF No. 19, Exs. K, L, M. Accordingly, the letters are not valid QWRs.[30]

Richardson also has failed to allege any actual damages resulting from Nationstar's alleged violations of RESPA or facts showing a pattern or practice of noncompliance.[31] Richardson appears to argue that he is entitled to statutory damages because Nationstar's failure to respond to his three QWRs demonstrates a pattern or practice of noncompliance. *See* ECF No. 19 at 16-17. However, as discussed above, Richardson's letters were not valid QWRs; therefore Nationstar was not required to respond under RESPA. Because Richardson did not

---

[30] *See Minson*, 2013 WL 2383658, at *5 (letter challenging defendants' authority to conduct collection activities, and requesting loan documents and identity of holder in due course did not qualify as a QWR); *McGinley*, 490 B.R. at 728-29 (letter asking for identity of holder in due course was not a valid QWR); *Reed*, 2013 WL 3364372, at *4 (plaintiff's letter contesting the validity of the loan and requesting documents about the transfer of the note and deed of trust was not a QWR).

[31] Under § 2605(f), an individual plaintiff must plead either actual damages as a result of the RESPA violation or "a pattern or practice of noncompliance" with RESPA requirements. *See* 12 U.S.C. § 2605(f)(1); *Minson*, 2013 WL 2383658, at *5; *Ward v. Sec. Atlantic Morg. Elec. Registration Sys., Inc.*, 858 F. Supp. 2d 561, 757 (E.D.N.C. 2012).

allege actual damages or a pattern or practice of noncompliance, all his RESPA claims will be dismissed.

        4.   MCDCA Claim (Count VI)

Richardson argues that R&A violated the MCDCA by "attempting to enforce a right with knowledge that the right did not exist." *See* ECF No. 1 ¶ 69; Md. Code Ann., Comm. Law §§ 14-202(8). Richardson contends that R&A may not have the legal status or the required license to collect the debt. *See* ECF No. 16 at 9. R&A argues that Richardson has failed to assert that R&A is subject to a licensing requirement, and his allegations do not meet the knowledge requirement under the MCDCA. *See* ECF No. 18 at 4. R&A also contends that Richardson has not pled any damages caused by R&A's alleged actions. *See* ECF No. 5-1 at 5.

Doing business as a collection agency in Maryland without a license may be a violation of the MCDCA. *See Fontell v. Hassett*, 891 F. Supp. 2d 739, 742 (D. Md. 2012); *Bradshaw v. Hilco Receivables, LLC*, 765 F. Supp. 2d 719, 731-32 (D. Md. 2011). The relevant MCDCA prohibition states that a collector may not "[c]laim, attempt, or threaten to enforce a right with knowledge that the right does not exist." Md. Code Ann., Comm. Law § 14-202(8). Accordingly, if a collection agency attempted to collect a debt with knowledge that it was not licensed, it would be liable for damages under the MCDCA. *See Fontell*, 891 F. Supp. 2d at 742. Under the MCDCA, a collector "is liable for

any damages proximately caused by the violation." Md. Code
Ann., Comm. Law § 14-203.

Richardson has not alleged any actual damages proximately
caused by R&A's alleged violation of the MCDCA. Richardson only
requests "statutory damages of $1000.00 pursuant to MCDCA § 14-
203, any attorney's fees, court costs, any punitive damages, and
any other relief as the court deems proper." ECF No. 1 ¶ 69.
The MCDCA does not provide for statutory damages, and punitive
damages are not available. *See* Md. Code Ann., Comm. Law § 14-
203; *Spencer v. Henderson-Webb, Inc.*, 81 F. Supp. 2d 582, 596-97
(D. Md. 1999). Richardson has not alleged that he was injured
in any way by R&A's failure to obtain a collection agency
license. Because Richardson has not alleged any damages
proximately caused by a violation of the MCDCA, the claim will
be dismissed.

III. Conclusion

For the reasons stated above, R&A's motion to dismiss will
be granted in part and denied in part. Nationstar's motion to
dismiss will be granted in part, denied in part, and denied in
part as moot. Richardson's motion for leave to amend will be
granted.

_2/27/14_
Date

William D. Quarles, Jr.
United States District Judge

26